

Davis+Gilbert LLP
1675 Broadway
New York, NY 10019

212 468 4800
dglaw.com

**Joshua H. Epstein**
d 212 468 4869
jepstein@dglaw.com

September 30, 2022

**Via ECF and Email (Torres_NYSDChambers@nysd.uscourts.gov)**

The Hon. Analisa Torres
United States District Court
Southern District of New York
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street
New York, NY 10007-1312

**Neuhauser v. Bolivarian Republic of Venezuela/Case No. 1:20-CV-10342 (AT)**

Dear Judge Torres:

We represent plaintiff Alexander Neuhauser ("Plaintiff") in the above-captioned Action. Plaintiff submits this letter regarding the Court's procedures for entry of default judgment. Plaintiff respectfully submits that in light of the substantial burden and delay associated with serving Defendant Bolivarian Republic of Venezuela ("Venezuela") through diplomatic channels, the Court should not proceed via order to show cause, but rather should adhere to the service and notice procedures set forth in the Foreign Sovereign Immunities Act ("FSIA") and enter default judgment upon a finding that Plaintiff has established his right to relief by evidence satisfactory to the Court. See 28 U.S.C. § 1608(e).

This case involves the nonpayment of interest and principal by Venezuela on several debt securities beneficially owned by Plaintiff. Venezuela has not appeared or answered the complaint, the time for such answer has expired, and a certificate of default has been issued. Contemporaneously with this letter, Plaintiff is submitting the materials required by the Court's individual practices regarding the entry of default judgment. Specifically, Plaintiff is submitting (1) a proposed order to show cause for default judgment; (2) an affidavit signed by a party with personal knowledge regarding the proposed damages and the basis therefor; and (3) an attorney declaration setting forth the basis for default judgment and attaching relevant documents and exhibits.

As the Court is likely aware, service on Venezuela was a challenging process. 28 U.S.C. § 1608(a)(1) requires a plaintiff suing a foreign sovereign state to first comply with any "special arrangement for service between the plaintiff and the foreign state or political subdivision." Although the debt securities at issue here state that service may be effected upon the Consul General of the Republic of Venezuela or, in his or her absence or incapacity, any official of the Consulate of Venezuela, Venezuela has admitted in other litigation that "the Consul General has been recalled, the Consulate has been closed, and no replacement process agent has been appointed." Mem. of the Bolivarian Rep. of Venezuela in Support of Motion to Vacate Certificate of Default and Dismiss for Lack of Personal Jurisdiction at 13, *Lovati v. Bolivarian Rep. of*



*Venezuela*, No. 1:19-cv-04796 (S.D.N.Y. Mar. 13, 2020), ECF No. 44 (quotation marks omitted). Plaintiff's attempt to serve Venezuela at the Consul General in this suit was unsuccessful.

Venezuela represented in that same proceeding that "[t]he only method of service currently available against the Republic is set forth in § 1608(a)(4), which allows for service through diplomatic channels." *Id.* at 17. Based on the representation by Venezuela that the only acceptable method of service is via diplomatic channels pursuant to 28 U.S.C. § 1608(a)(4), Plaintiff timely initiated that process in this case, and on May 18, 2022, we affirmed that Plaintiff mailed all required pleadings to the U.S. Department of State for service through diplomatic channels. See Dkt. 29.

It took nearly four months before the Department of State was able to effect service on Venezuela. See Dkt. 29-1. Venezuela's answer was due on March 27, 2022. See 28 U.S.C. § 1608(d). Venezuela did not file its answer on that day. Plaintiff thereafter sought and obtained a Certificate of Default and are filing papers in support of an application for default judgment.

Under this Court's ordinary procedures for default judgment, an application for default judgment proceeds via an order to show cause, served upon the defendant with a direction to appear at a set time and place to show cause as to why default judgment should not be entered against it. Proceeding by an order to show cause in these circumstances is not required by the federal rules, which provide only that "[i]f a party against whom a default judgment is sought has appeared personally or by a representative, that party or its representative must be served with written notice of the application at least 7 days before the hearing." Fed. R. Civ. P. 55(b)(2) (emphasis added). Venezuela has not appeared personally or by a representative, even though it has been validly served.

The Court's individual procedures provide an additional opportunity for non-appearing parties to contest the entry of default, but in the circumstances here, adding another round of service on Venezuela would unduly delay or frustrate the proceedings. It took nearly four months for the U.S. Department of State to serve Venezuela with the amended summons and complaint. There is no reason to expect that service of an order to show cause would take anything less than four months, pushing back the time for entry of judgment several months. And even if such an order were served, the proposed hearing date and time would be long outdated by the time service were actually effected. In light of the practical difficulties of serving Venezuela, it is not even clear how an order to show cause would operate in these circumstances.

Importantly, the FSIA does not require notice of default to be served on a foreign sovereign, but rather requires only that the final default judgment itself be served. See 28 U.S.C. § 1608(e). That sequence—service of the summons and complaint, and service of the final entry of default judgment—is the ordinary procedure entering default judgment against a foreign sovereign, and indeed, has been followed by another district court in a proceeding against Venezuela. See generally *Tidewater Investment SRL v. Bolivarian Republic of Venezuela*, No. 17-CV-1457 (D.D.C. Dec. 17, 2018).

Venezuela has received notice of this lawsuit, but it has simply has elected not to appear or answer. Entry of judgment should not be delayed another four months (or longer) simply



because Venezuela has defaulted in this lawsuit and made all normal avenues of service (including the form of service specifically agreed to by the parties) unavailable. Plaintiff therefore respectfully requests that the Court enter judgment in the form proposed in the contemporaneously filed application without proceeding by order to show cause. Plaintiff will thereafter effect service of the final judgment on Venezuela in accordance with the FSIA.

We are available to address any questions Your Honor may have regarding the above at the Court's convenience.

Respectfully,

*/s/ Joshua H. Epstein*

Joshua H. Epstein