USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: _7/3/2023_

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ALEXANDER NEUHAUSER,

                Plaintiff,

-against-

BOLIVARIAN REPUBLIC OF VENEZUELA,

                Defendant.

20 Civ. 10342 (AT)

**ORDER**

ANALISA TORRES, District Judge:

    On September 30, 2022, Plaintiff, Alexander Neuhauser, moved for a default judgment, *see* ECF Nos. 38–41, in this action for breach of contract against Defendant, the Bolivarian Republic of Venezuela ("Venezuela"), Compl. ¶¶ 1–8, ECF No. 1. For the reasons stated below, Plaintiff's motion for default judgment is DENIED without prejudice to renewal.

## BACKGROUND[1]

    This case involves three series of bonds (the "Bonds"), issued pursuant to agreements dated 1997, 1998, and 2001. Compl. ¶¶ 2–4. Neuhauser is a beneficial owner of the Bonds. *Id.* ¶ 1; Epstein Decl. ¶¶ 32, 36, 40, ECF No. 39. All series of Bonds were issued pursuant to fiscal agency agreements. Epstein Decl. ¶¶ 7–8, 10. Among other things, those agreements provide that Defendant waives its sovereign immunity with respect to claims arising out of the Bonds, consents to be sued in the United States District Court for the Southern District of New York, and agrees that New York law governs the agreements and the Bonds, as relevant here. *See* ECF No. 39-8 at 25–27; ECF No. 39-9 at 25–28; ECF No. 39-11 at 26–29; Epstein Decl. ¶ 45.

    Starting in October 2017, Defendant failed to make contractually required interest payments on each series of Bonds. Epstein Decl. ¶¶ 47–49. Further, Defendant failed to pay the principal on

---

[1] The facts below are drawn from the affidavits and supporting documents submitted by Plaintiff. *See Reed v. Islamic Republic of Iran*, 845 F. Supp. 2d 204, 211–12 (D.D.C. 2012).

(1) the 13.625% 2018 Bonds when those bonds matured on August 15, 2018, *id.* ¶ 48; and (2) the 6.00% 2020 Bonds when those bonds matured on December 9, 2020, *id.* ¶ 47. As of September 30, 2022, the date Plaintiff moved for a default judgment, Defendant owed Plaintiff $2,381,875. Neuhauser Decl. ¶ 2, ECF No. 40; Epstein Decl. ¶ 97; *see also id.* ¶¶ 87–96.

On December 8, 2020, Plaintiff brought this breach of contract action to recover the amount owed on the Bonds. Compl. On February 9, 2022, Defendant was served pursuant to 28 U.S.C. § 1608(a)(4). ECF No. 29-1. Defendant has not appeared. On August 24, 2022, the Clerk of Court entered a certificate of default. ECF No. 37. On September 30, 2022, Plaintiff filed the following documents: (1) a proposed order to show cause, ECF No. 38; (2) a declaration from Alexander Neuhauser, Neuhauser Decl.; (3) a declaration from Plaintiff's counsel, Joshua H. Epstein, including exhibits, Epstein Decl.; and (4) a proposed default judgment, ECF No. 39-1.[2]

## ANALYSIS

I.     Jurisdiction

    A.     Sovereign Immunity

Under FSIA, foreign states are immune from suit, but they can waive that immunity "either explicitly or by implication." 28 U.S.C. §§ 1604, 1605(a)(1). In the fiscal agency agreements governing the bonds at issue here, Defendant expressly waived its sovereign immunity. *See* ECF No. 39-8 at 27; ECF No. 39-9 at 28; ECF No. 39-11 at 29. Accordingly, the Court has jurisdiction to consider Plaintiff's claims. *See EM Ltd. v. Republic of Argentina*, 695 F.3d 201, 209 (2d Cir. 2012), *aff'd sub nom. Republic of Argentina v. NML Cap., Ltd.*, 573 U.S. 134 (2014).

---

[2] Plaintiff also requested that the Court waive its usual practices to proceed by order to show cause because the Foreign Sovereign Immunities Act of 1976 ("FSIA"), 28 U.S.C. § 1602, *et seq.*, which requires only service of a default judgment on a foreign state, applies. ECF No. 41 at 2. On October 6, 2022, the Court granted Plaintiff's request and issued an order stating that it would not proceed by order to show cause. ECF No. 42.

B.     Service

Under FSIA, a plaintiff can serve a foreign state by:

(1) . . . deliver[ing] a copy of the summons and complaint in accordance with any special arrangement for service between the plaintiff and the foreign state . . . [(2)] deliver[ing] a copy of the summons and complaint in accordance with an applicable international convention on service of judicial documents; . . . [(3)] sending a copy of the summons and complaint and a notice of suit, . . . by any form of mail requiring a signed receipt, to be addressed and dispatched by the clerk of the court to the head of the ministry of foreign affairs of the foreign state concerned, or . . . [(4)] sending two copies of the summons and complaint and a notice of suit, . . . by any form of mail requiring a signed receipt, to be addressed and dispatched by the clerk of the court to the Secretary of State in Washington, District of Columbia, . . . [with] the Secretary . . . transmit[ing] one copy of the papers through diplomatic channels to the foreign state and . . . send[ing] to the clerk of the court a certified copy of the diplomatic note indicating when the papers were transmitted.

28 U.S.C. § 1608(a). "[A] plaintiff must attempt service by the first method (or determine that it is unavailable) before proceeding to the second method, and so on." *Angellino v. Royal Family Al-Saud*, 688 F.3d 771, 773 (D.C. Cir. 2012) (citations omitted).

Here, service under §§ 1608(a)(1), (2), and (3) is unavailable. Plaintiff attempted service pursuant to § 1608(a) but was informed that the office of the Consulate General of Venezuela was closed and could not accept service. Epstein Decl. ¶ 12. Plaintiff was unable to find a process server willing to personally serve Venezuela by way of the Hague Convention, pursuant to § 1608(b), and service under § 1608(c) is "categorically unavailable" because Venezuela expressly objects to service by mail. *Id.* ¶ 13. Accordingly, service on Defendant, effected by the United States Department of State delivering the complaint and related papers to the Venezuelan embassy in Washington, D.C., ECF No. 29-1; *see* ECF No. 29 ¶¶ 8–11; Epstein Decl. ¶¶ 19–23, was proper pursuant to § 1608(a)(4).

II.    Liability

Defendant defaulted by failing to answer the complaint or otherwise defend this action. Fed. R. Civ. P. 55(a); 28 U.S.C. § 1608(d) ("In any action brought in a court of the United States

3

. . . a foreign state . . . shall serve an answer or other responsive pleading to the complaint within sixty days after service has been made under [FSIA]").

In addition, because Plaintiff brought this suit against a foreign state, FSIA's standard for granting default judgments applies. Under 28 U.S.C. § 1608(e), courts can grant default judgments against foreign states only if the moving party "establishes [its] claim or right to relief by evidence satisfactory to the [C]ourt." Therefore, the Court cannot "unquestioningly accept a complaint's unsupported allegations as true," *Reed*, 845 F. Supp. 2d at 211 (citation omitted), but rather, it must require that the plaintiff set forth "uncontroverted factual allegations, which are supported by . . . documentary and affidavit evidence," *In re Terrorist Attacks on Sept. 11, 2001*, No. 03 Civ. 9848, 2012 WL 3090979, at *2 n.1 (S.D.N.Y. July 30, 2012) (quoting *Valore v. Islamic Republic of Iran*, 700 F. Supp. 2d 52, 59 (D.D.C. 2010) (alterations in original)).

To have contractual standing to bring this action, Neuhauser must have authorization from the record holders of the Bonds. *See Allan Applestein TTEE FBO D.C.A. v. Province of Buenos Aires*, 415 F.3d 242, 245 (2d Cir. 2005); *Etevob v. Republic of Argentina*, 471 F. Supp. 2d 432, 443 (S.D.N.Y. 2007) ("[A]n owner of a beneficial interest . . . must receive authorization from the registered holder of the bond before it may sue[.]"), *aff'd sub nom. Mazzini v. Republic of Argentina*, 282 F. App'x 907 (2d Cir. 2008). The Bonds are registered in the name of Cede & Co., as the nominee of the Depository Trust Company. Compl. ¶ 16. Although Neuhauser states that he has "received the appropriate authorizations," *id.* ¶ 22, he provides no documentary or affidavit evidence in support of this authorization. Accordingly, the Court cannot conclude that Neuhauser has contractual standing to bring this action.

## CONCLUSION

For the reasons stated above, Plaintiff's motion for default judgment is DENIED without prejudice to renewal. By **August 3, 2023**, Plaintiff may file a revised motion for default judgment in accordance with this order.

SO ORDERED.

Dated: July 3, 2023
       New York, New York

_____
ANALISA TORRES
United States District Judge